UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62656-GAYLES

**PROFESSIONAL REVENUE
RECOVERY SOLUTIONS, LLC,**
        Plaintiff,

    v.

**PILLARS RECOVERY, LLC,**
        Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In its Notice of Removal removing this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, filed November 10, 2016, Defendant Pillars Recovery, LLC, invokes this Court's diversity jurisdiction. Specifically, the Defendant asserts the following:

1. Professional Revenue Recovery Solutions, LLC ("PRRS"), the sole Plaintiff and Counterclaim Defendant in this action, is a Florida limited liability company with its principal place of business in Broward County, Florida.

2. Pillars Recovery, LLC ("PILLARS"), the sole Defendant and Counterclaim Plaintiff in this action, is a California limited liability company with its principal place of business in Orange County, California.

. . .

5. There is diversity of citizenship for purposes of 28 U.S.C. § 1332 between PRRS, a corporate citizen of the State of Florida, and PILLARS, a corporate citizen of the State of California.

[ECF No. 1] ¶¶ 1-2, 5 (quotation marks added).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546

1

U.S. 500, 501 (2006). To that end, "[a] federal court may raise jurisdictional issues on its own initiative at any stage of litigation." *Id.* at 506; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove a case brought in state court to federal court if the federal court has federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. When a defendant removes a case, it, as the removing party, bears the burden of proving that federal subject matter jurisdiction exists. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Diversity jurisdiction requires fully diverse citizenship of all parties and an amount in controversy over $75,000, 28 U.S.C. § 1332(a), which is determined at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

Both the Plaintiff and the Defendant in this action are alleged to be limited liability companies. It is axiomatic in this Circuit that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of unincorporated business entities, the removing party must list the citizenships of all members of the limited liability company." *S. Beach Grp. Hotels, Inc. v. James River Ins. Co.*, No. 16-23265, 2016 WL 4157422, at *2 (S.D. Fla. Aug. 5, 2016) (citations and internal quotation marks omitted).

Considering this standard, the allegations regarding the citizenships of the parties contained within the Notice of Removal are "fatally defective." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Therefore, the Court finds that the Defendant, as the removing party, has failed to establish that diversity of citizenship exists in this case. That said, the Court is mindful of

the Eleventh Circuit's instruction that, prior to remanding a case for lack of subject matter jurisdiction upon the failure of a removing party to properly allege diversity, a district court must allow the removing party an opportunity to cure the deficiency. *Corp. Mgmt. Advisors Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297-98 (11th Cir. 2009). The removing party should be granted leave to amend its notice of removal to "'unequivocally' establish diversity of citizenship." *Id.* (quoting *Armada Coal Exp., Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1569 (11th Cir. 1984)).

Accordingly, it is **ORDERED AND ADJUDGED** that by **November 21, 2016**, the Defendant shall file an Amended Notice of Removal that includes sufficient allegations to unequivocally establish diversity of citizenship of the parties in this case. Failure to comply with this Order will result in remand without further notice for want of federal jurisdiction.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of November, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE